MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MAUREEN C. ONYEAGBAKO (CABN 238419)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax:      (510) 637-3724
   E-Mail:   Maureen.Onyeagbako@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>VICTOR RODOLFO HERNANDEZ FLORES,<br>   aka Uriel Perez Orosco,<br>   aka Ruben Lopez Orozco,<br>   aka Rudolfo Hernandez Florez,<br>   aka Juan Hernandez Ramirez,<br>   aka Juan Rodolfo Ramirez,<br>   aka Filiberto Villegas-Salgado,<br>    Defendant. | No. CR-12-00101 CW<br><br>[PROPOSED] ORDER DETAINING DEFENDANT VICTOR RODOLFO HERNANDEZ FLORES<br><br>Date:    February 23, 2012<br>Time:   9:30 a.m.<br>Court:  Hon. Laurel Beeler |

## I. DETENTION ORDER

Defendant Victor Rodolfo Hernandez Flores is charged in a one-count indictment with being a Deported Alien Found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b). On February 17, 2012, the United States moved for Defendant's detention pursuant to

[PROPOSED] DETENTION ORDER
No. CR-12-00101 CW           1

18 U.S.C. § 3142(f)(2)(A) (because there is a serious risk defendant will flee), and subsequently asked for a detention hearing pursuant to 18 U.S.C. § 3142(f).  Following a hearing on February 23, 2012, under 18 U.S.C. § 3142(f), and considering the parties' proffer and the factors set forth in section 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure Defendant's appearance in this case.  *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, the Court notes Defendant's criminal history, as documented in the Pretrial Services report, Defendant's alleged immigration status, and the fact that Defendant is subject to an Immigration and Customs Enforcement detainer hold.  The Court, therefore, orders that Defendant be detained pending trial.

Defendant did not request a full bail study at this time, such as an interview by Pretrial Services, but reserved his right to present information at a future bail hearing should his circumstances change.  *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise).

## II.   CONCLUSION

The Court detains Defendant as a serious flight risk and because no condition, or combination of conditions, could assure Defendant's appearance in this case.  Because Defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to his raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at a future time.

//
//
//
//
//
//
//

1   The Court orders that Defendant be committed to the custody of the Attorney General or
2   a designated representative for confinement in a corrections facility separate, to the extent
3   practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See*
4   18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult
5   privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on
6   request of an attorney for the United States, the person in charge of the corrections facility must
7   deliver Defendant to the United States Marshal for any court appearance. *See id.* § 3142(i)(4).
8   IT IS SO ORDERED.

10   DATED: February 27, 2012

LAUREL BEELER
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
No. CR-12-00101 CW                    3